IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

10/14/2025

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

|  |  |  |
|---|---|---|
| Mesmake H. Mikael, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:25-cv-00011 |
| | ) | |
| George's Chicken, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Mesmake H. Mikael, proceeding *pro se*, alleges that Defendant George's Chicken, LLC violated the Age Discrimination in Employment Act of 1967 ("ADEA") by refusing to promote him to supervisor positions because of his age. This matter is before the court on George's Chicken's motion to dismiss Mikael's complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 11.) For the reasons that follow, the court will grant the motion.

### I.     Background

The court accepts the facts alleged in the complaint as true when resolving the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mikael, a 64-year-old resident of Harrisonburg, Virginia, was employed by George's Chicken from August 2010 until July 2023. (Compl. at 1, 3, 5 (Dkt. 1).) He applied for supervisor positions at least ten times during his employment. (*Id.* at 3.) The interviewers gave him positive feedback and encouraged him to keep applying, but he was never selected for a supervisor position. (*Id.*) Mikael applied for three supervisor positions between May 2023 and July 2023. (*Id.* at 4.) The company did not

interview him for those positions and selected other applicants.  (*Id.*)  He asked personnel managers why he had not been invited to interview, and they responded, "we just gave the positions to so and so."  (*Id.*)  According to Mikael, supervisors would "come and go without a job posting or it [would] be posted after they acquired the position."  (*Id.*)  He states that George's Chicken "hire[d] from the outside" and that the candidates hired lasted only from one month to a year at the company.  (*Id.* at 3.)

Mikael's supervisor also took disciplinary actions against him.  (*Id.* at 4.)  Mikael describes one disciplinary action for an August 5, 2022 food safety violation that involved "throwing [a] carcass in the wrong receptacle."  (*Id.*; Dkt. 1-2 at 5.)  He received permission from multiple managers to use the receptacle but nonetheless had to sign a disciplinary report. (Compl. at 4.)  Mikael believes that the disciplinary action was an attempt to convince him "to give up and leave."  (*Id.*)  On another occasion, he was written up for poor job performance because he declined to help translate documents from English to Amharic, a language he speaks fluently.  (Dkt. 1-2 at 5.)  Mikael voluntarily resigned from his job at George's Chicken in July 2023.  (Compl. at 3.)

Mikael filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on an unspecified date.  (*See* Dkt. 1-2 at 1.)  The EEOC issued a Determination and Notice of Rights letter on December 2, 2024.  (*Id.*)

On February 24, 2025, Mikael filed a complaint and application to proceed *in forma pauperis* in this court.  (Compl.; Dkt. 2.)  The court denied his *in forma pauperis* application after finding that he had not demonstrated an inability to pay the filing fee.  (Dkt. 3.)  Mikael paid the filing fee and served George's Chicken on July 8, 2025.  (Dkt. 9.)

On July 29, 2025, George's Chicken moved to dismiss the complaint under Rule 12(b)(6).[1]  (Dkt. 11.)  Mikael filed a response in opposition to the motion to dismiss, (Dkt. 18), and George's Chicken filed a reply brief, (Dkt. 19).  Mikael later filed a surreply brief without first obtaining leave of court, as this district's Local Rules require.  (Dkt. 20); *see* W.D. Va. Civ. R. 11(c)(1).  The court need not consider Mikael's surreply brief, as it simply restates arguments he makes in his opposition brief.

## II.    Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).  To state a plausible claim, though, the complaint must allege more than "labels and conclusions" or "naked assertion[s]" unsupported by "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  In addition to considering the facts alleged in the complaint, the court may

---

[1] George's Chicken's motion also asks the court to dismiss the complaint under Rule 12(b)(1).  (Dkt. 11.)  In its briefing, George's Chicken clarifies that it is moving to dismiss only under Rule 12(b)(6).  (*See* Dkt. 19 at 1.)

consider documents attached to the complaint as exhibits.  Fed. R. Civ. P. 10(c); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

The court liberally construes pleadings filed by a *pro se* party.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  At the same time, liberal construction "does not transform the court into an advocate" for *pro se* litigants.  *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).  *Pro se* parties, like all litigants, must comply with the pleading requirements in the Federal Rules of Civil Procedure.  *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

### III.    Analysis

Mikael alleges that George's Chicken violated the ADEA by denying his applications for promotion based on his age.  The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a).  To establish a violation of this provision, an employee "must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision."  *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009)).

A plaintiff may prove an ADEA violation with direct evidence or through the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Id.*  Direct evidence consists of "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision."  *Bandy*

*v. City of Salem*, 59 F.4th 705, 711 (4th Cir. 2023). A plaintiff who relies on the *McDonnell Douglas* framework first must establish a *prima facie* case of age discrimination by showing

> (1) he was a member of a protected class, *i.e.*, that he was at least 40 years old;
> (2) his employer had an open position for which he applied and was qualified;
> (3) he was rejected despite his qualifications; and (4) the position remained open
> or was filled by a similarly qualified applicant who was substantially younger
> than the plaintiff, whether within or outside the class protected by the ADEA.

*Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) (citing *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310–12 (1996)). At the motion-to-dismiss stage, a plaintiff does not need to plead facts that establish a *prima facie* case of age discrimination, but the allegations in the complaint do need to state a plausible claim for a violation of the ADEA. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).

Mikael's complaint does not meet that standard. His allegations do show that he was protected by the ADEA during his employment at George's Chicken. He was 64 years old as of the date he filed this action, which means he was over 40 years old when he began working for George's Chicken in August 2010. (*See* Compl. at 3, 5.) But Mikael does not allege any facts that suggest the company refused to promote him to any one of the supervisor positions because of his age. He does not identify any statements by interviewers or any other facts that might provide direct evidence of age discrimination. Nor does he allege any facts demonstrating that he was qualified for the supervisor positions, or that the candidates George's Chicken hired for those positions were "substantially younger" and had qualifications similar to Mikael's. *Laber*, 438 F.3d at 430. In his opposition brief, Mikael asserts that he "was qualified for the position," that "[s]imilarly situated younger employees were treated more favorably," and that George's Chicken "promot[ed] recruits under age 40." (Dkt.

18 at 2.)  He does not allege any factual support for those statements, though, and the statements themselves are conclusory and too threadbare to plead a plausible age discrimination claim.

It is unclear whether Mikael intends to allege that George's Chicken also violated the ADEA when it took disciplinary actions against him.  Such a claim also would fail, as he has not pled facts suggesting that the disciplinary actions had anything to do with his age.

George's Chicken argues that some of the alleged ADEA violations also may be time-barred.  (Dkt. 12 at 7.)  Before filing an ADEA suit in court, an employee who wishes to challenge a discriminatory employment action in Virginia must file an EEOC charge within 300 days of the alleged discrimination.  *See* 29 U.S.C. § 626(d)(1)(B); *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 796 (E.D. Va. 2007).  The 300-day period begins to run when the alleged discriminatory action is communicated to the employee.  *Price v. Litton Bus. Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982); *Flickinger v. E.I. Du Pont De Nemours & Co.*, 466 F. Supp. 2d 701, 707 (W.D. Va. 2006).  Here, Mikael has not identified the date he filed his EEOC charge;[2] his filings show only that the EEOC issued the Determination and Notice of Rights letter on December 2, 2024.  (*See* Dkt. 1-2 at 1.)  Mikael alleges that he was denied promotions at least 10 times during his 13 years at George's Chicken, but aside from stating that he applied for three supervisor positions between May and July 2023, he does not note

---

[2] George's Chicken also argues that Mikael fails to allege that his EEOC charge addressed any promotion denials that predated 2023. (Dkt. 12 at 7–8.)  Mikael did not attach a copy of his EEOC charge to his complaint.  George's Chicken does not cite any authority that requires a plaintiff to attach an EEOC charge or describe its contents to avoid dismissal under Rule 12(b)(6).  *See Torres v. Rector & Bd. of Visitors of Univ. of Va.*, No. 3:21-cv-00001, 2022 WL 848063, at *2 (W.D. Va. Mar. 21, 2022) (rejecting argument that plaintiff had failed to allege exhaustion of administrative remedies because she did not attach a copy of her EEOC charge or describe its scope).  Further, because Mikael's complaint contains so few factual allegations, the court cannot discern whether he even intends to allege claims based on promotion denials prior to 2023.

when the denials occurred.  (*See* Compl. at 3–4.)  To the extent that Mikael brings ADEA

claims based on alleged discriminatory acts that took place more than 300 days before he filed

his EEOC charge, the court dismisses those claims as they are time-barred.  *See Nat'l R.R.*

*Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Discrete discriminatory acts are not

actionable if time barred, even when they are related to acts alleged in timely filed charges.").

## IV.    Conclusion

For the reasons outlined above, the court will **GRANT** George's Chicken's motion to

dismiss (Dkt. 11) and **DISMISS** the complaint **without prejudice**.  The court will **GRANT**

Mikael leave to amend his complaint to correct the defects the court has identified.  If Mikael

does not file an amended complaint within **21 days** of this date, the court will dismiss this

action with prejudice.

An appropriate Order will issue.

**ENTERED** this <u>14th</u> day of October,2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE