IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

June 29, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Nik Sams**
DEPUTY CLERK

| | | |
|---|---|---|
| Mesmake H. Mikael, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:25-cv-00011 |
| | ) | |
| George's Chicken, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff Mesmake H. Mikael's motions to reopen time to file an appeal. (Dkts. 24, 25.) For the following reasons, the court will construe them as motions for leave to file an amended complaint and to amend judgment under Federal Rule of Civil Procedure 59(e). The court will grant the motions as construed.

### I.      Background[1]

Mikael, a then-64-year-old resident of Harrisonburg, Virginia, was employed by George's Chicken from August 2010 until July 2023. (Compl. at 1, 3, 5 (Dkt. 1).) He applied for supervisor positions at least ten times during his employment. (*Id.* at 3.) The interviewers gave him positive feedback and encouraged him to keep applying, but he was never selected for a supervisor position. (*Id.*) Mikael applied for three supervisor positions between May 2023 and July 2023. (*Id.* at 4.) The company did not interview him for those positions and selected other applicants. (*Id.*) Mikael's supervisor also took various disciplinary actions

---

[1] The following facts are taken from Mikael's complaint and accepted as true at this stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

against him, which Mikael believes were attempts to convince him "to give up and [l]eave." (*Id.*)  Mikael voluntarily resigned from his job at George's Chicken in July 2023.  (*Id.* at 3.)

Mikael filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on an unspecified date.  (*See* Dkt. 1-2 at 1.)  The EEOC issued a Determination and Notice of Rights letter on December 2, 2024.  (*Id.*)  On February 24, 2025, Mikael filed a complaint, (Dkt. 1), and application to proceed *in forma pauperis* in this court, (Dkt. 2).  The court denied his *in forma pauperis* application after finding that he had not shown an inability to pay the filing fee.  (Dkt. 3.)  Mikael paid the filing fee and served Defendant George's Chicken, LLC ("George's Chicken") on July 8, 2025.  (Dkt. 9.)

On July 29, 2025, George's Chicken moved to dismiss the complaint under Rule 12(b)(6).  (Dkt. 11.)  On October 14, 2025, the court granted the motion to dismiss.  (Dkts. 21, 22.)  As the court found, Mikael did not allege any facts suggesting Defendant refused to promote him because of his age.  (Dkt. 21 at 5–6.)  The court dismissed the complaint without prejudice and granted Mikael leave to file an amended complaint within twenty-one days of the court's order.  (Dkt. 22.)  The court noted that if Mikael did not file an amended complaint by that date, the court would dismiss the action with prejudice.  (*Id.*)

Twenty-one days passed without action from Mikael.  Accordingly, on December 3, 2025, the court dismissed the action with prejudice and directed the Clerk to close the case. (Dkt. 23.)

Soon after, Mikael filed two nearly identical motions to reopen time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).  (Dkts. 24, 25.)  Rule 4(a)(6) allows a district court to reopen the time for appeal if a party did not receive notice of entry of a

judgment within 21 days and no party would be prejudiced.  Fed. R. App. P. 4(a)(6).  In his

motion, Mikael says he never received a copy of "the dismissal order"—assumedly, the court's

October 14, 2025 order—which was mailed to him.[2]  (Dkt. 24 at 1.)  Instead, he "only became

aware of the dismissal by reviewing the docket through PACER on December 8, 2025."  (*Id.*)

Because "he did not receive notice of the judgment within 21 days after its entry," (*id.*), Mikael

asserts he was "unable to file a notice of appeal within the time allowed by Rule 4(a)(1)," (Dkt.

25 at 2).  He requests that the court reopen the time to file an appeal for a period of fourteen

days.  (Dkt. 24 at 2.)

## II.    Analysis

Mikael's motions are best construed as seeking leave to file an amended complaint.

While they are styled as seeking to reopen time to file an appeal, the court doubts that Mikael

intends to appeal the court's dismissal.  Mikael's original complaint failed to state a claim on

which relief could be granted, and the more plausible reading is that Mikael wishes to vacate

the court's judgment that dismissed his case and to have an opportunity to file an amended

complaint to fix the deficiencies the court identified.  *See Castro v. United States*, 540 U.S. 375,

381–82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant

attaches to a motion and recharacterize the motion in order to place it within a different legal

category . . . . to avoid an unnecessary dismissal.").

However, "a plaintiff may only amend [his] complaint following a judgment if [he]

file[s] a motion to reopen or to vacate the judgment under [Rule] 59(e) or [Rule] 60(b)."  *Britt*

---

[2] Mikael seems to mistakenly believe that the clock to file an appeal started from the court's October 14, 2025, dismissal order, (Dkt. 22).  But that October 14 order was not final—and thus not appealable—as the order granted Mikael leave to amend.  *Britt v. DeJoy*, 45 F.4th 790, 793 (4th Cir. 2022).  The appeals clock only started from the court's December 3, 2025, final order dismissing the case with prejudice.  (Dkt. 23.)

*v. DeJoy*, 45 F.4th 790, 793 (4th Cir. 2022). For this reason, the court will also construe these motions as seeking to amend judgment under Rule 59(e). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) ("[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." (cleaned up)).

Whether the court should vacate its final judgment depends on whether the court would allow Mikael leave to amend. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (holding that, "[t]o determine whether vacatur is warranted," courts "need only ask whether the amendment should be granted"). The court easily concludes that Mikael should be granted leave to amend. *See* Fed. R. Civ. P. 15(a)(2); *Xuli Zhang v. Ross Store Inc.*, No. 1:10-cv-01328, 2011 WL 8129471, at *5 n.13 (E.D. Va. May 17, 2011) ("[I]n lieu of dismissing a *pro se* litigant's complaint, leave is generally granted to allow the *pro se* litigant an opportunity to correct any deficiencies."). Defendant will not be prejudiced by amendment, as this case has not progressed in any meaningful way. *See Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc). Finally, the court cannot say that an amended complaint would be futile, as the court's previous opinion pointed out paths by which Mikael could potentially plead a plausible claim. Vacatur of the final judgment is thus warranted.

### III.    Conclusion

For these reasons, the court **VACATES** its final order dismissing this case with prejudice. (Dkt. 23.) The court again **GRANTS** Mikael leave to file an amended complaint. This amended complaint should correct the defects the court identified in its previous opinion.

If Mikael does not file an amended complaint within 21 days, the court will again dismiss this action with prejudice.[3]

**IT IS SO ORDERED.**  The Clerk is directed to forward copies of the court's Order to Mikael and all counsel of record.

**ENTERED** this __29_ day of June, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

---

[3] If Mikael truly wishes to appeal the court's previous dismissal order, (Dkt. 22), he may appeal the final judgment that the court will enter if he fails to file an amended complaint within twenty-one days. *See Sammons v. McCarthy*, No. 22-1642, 2023 WL 3002738, at *2 (4th Cir. Apr. 19, 2023) (noting that an amended order resets the appeal deadline if "the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered." (quoting *FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211–12 (1952))).